**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                Case No. 3:12-cv-451-J-32MCR

CONSOLIDATED CITY OF JACKSONVILLE,
et al.,

        Defendants.

**ORDER**

       The Department of Justice filed this lawsuit in April 2012 alleging that the process used by the City of Jacksonville to promote certain ranks of firefighters discriminates against African-Americans. Among the allegations, the DOJ claims that the 2004 and 2008 testing regimes used to promote fire suppression captains were discriminatory. When the City scheduled a new promotions test for fire suppression captains for November 18, 2013, the DOJ filed the motion for temporary restraining order now before the Court, seeking an Order that would require the City to set aside five slots from the next round of promotions following the November 18, 2013 test for those fire suppression captain candidates allegedly discriminated against on the 2004 and 2008 test administrations.

       After the motion was filed, the City advised that the results of the November 18, 2013 exam would not be certified earlier than January 6, 2014, whereupon the Court converted the motion to one for preliminary injunction, the parties briefed the issues and filed supporting materials (including preliminary expert reports), and the Court held a lengthy non-

evidentiary hearing on December 3, 2013, the transcript of which is incorporated by reference. See Docs. 73-79, 82, 84, 85, 89, 92, 93, 98, 101.

To secure a preliminary injunction, the movant is required to establish "(1) a substantial likelihood of success on the merits; (2) that irreparable harm will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to [each of these] four prerequisites." Northeastern Fla. Chapter of Ass'n of General Contractors of America v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quotation and citations omitted). Additionally, "[a]lthough federal courts have broad equitable powers to remedy proven constitutional violations, injunctive relief must be tailored to fit the nature and extent of the established violation." Gibson v. Firestone, 741 F.2d 1268, 1273 (11th Cir. 1984) (citation omitted).

Upon review, the Court finds the DOJ has not proven that a preliminary injunction should issue which would prevent the City from making probationary and then permanent fire suppression captain appointments off the certified list. First, the ill-defined remedy the DOJ seeks through this injunction (preserving five slots for test-takers of the 2004 and 2008 fire suppression captains exams) does not sufficiently correlate with the alleged injury to those test-takers and does not warrant the major disruption to the Fire Department's promotional processes, the effects of which would likely radiate throughout the department

for years.  In balancing these harms, the Court would have to be convinced that such a remedy was truly its only recourse.  It is not.  If the DOJ proves its case at summary judgment or trial, the Fire Department's entire promotional process would be subject to reexamination and the Court will not hesitate to exercise its broad equitable powers in fashioning appropriate relief.  Thus, enjoining the promotion process currently in place is not the only way to make victims of proven past discrimination whole.

Moreover, to the same point, the alleged victims the DOJ attempts to protect through this injunction are unidentified test-takers who, to the extent they have been discriminated against, presumably suffered their injuries the day others were promoted instead of them back in 2004 and 2008.  While the DOJ explains the delay by stating that the evidentiary proof to substantiate these claims is only now available from the discovery gathered in this case, the passage of time has nevertheless diminished the urgency which ordinarily accompanies preliminary injunctive relief.  Entering an injunction at this point would displace persons who have already spent substantial resources to study for and pass the 2013 exam, having had no reason to expect that test takers from up to nine years earlier (who may or may not even work for the Fire Department at this point and whose present qualifications are unknown) would now stake a claim to their newly earned positions.  Furthermore, the actual implementation of the proposed injunction is unworkable in that it would require numerous other modifications to the Fire Department's promotion procedures, including those embodied in its collective bargaining agreement with the Union.  While that alone is not a basis upon which the Court would deny the relief if otherwise warranted, the DOJ's plan to simply leave it to the City to figure out a means to make it work is untenable, especially in

the short time between the filing of the motion and the upcoming promotions.

Second, proving the DOJ's discrimination case is not a simple matter. This complex case is at the beginning stages of litigation in accordance with a case schedule the parties urged the Court to adopt and which, without any delay, is not expected to be trial ready until 2016. The reports of the parties' experts (who have not yet been deposed) are preliminary as is the information upon which they rely. At this stage, not surprisingly, the experts disagree as to whether the 2004 and 2008 tests had an adverse racial impact, whether the tests were validated, whether the City will show a business necessity, whether there are alternative promotion methods which would have less of an adverse impact on African-Americans, and whether the other side's experts are relying on faulty assumptions. The preliminary materials submitted by the defendants' experts, Dr. Barrett and Dr. Morrel-Samuels, create a sufficient juxtaposition with the reports of the DOJ's experts to require further development and analysis. Thus, without at all prejudging what the evidence will be at summary judgment or trial, the questions at this preliminary stage are significant enough such that it is simply too soon to say that the DOJ has a substantial likelihood of success on the merits.

Accordingly, because the Court finds the DOJ cannot establish all the required elements to secure a preliminary injunction, the motion (Doc. 73) is denied.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of December, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record