**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA, et al.,

                 Plaintiffs,

vs.                                            Case No. 3:12-cv-451-J-32MCR

CONSOLIDATED CITY OF JACKSONVILLE,
et al.,

                 Defendants.

_____

## ORDER

       The United States (hereinafter, "DOJ") and other intervenor plaintiffs are suing the City of Jacksonville and the Jacksonville Association of Firefighters, Local 122, IAAF ("the Union") alleging that some of the promotion practices used within the City's fire department (which are embodied within the City's collective bargaining agreement with the Union) are racially discriminatory toward African-Americans in violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6.  The DOJ contends that ten specific promotion exams between 2004 and 2011 caused a disparate impact on African-American candidates.

       Under Title VII's framework, to prove a claim of disparate impact based on race, the plaintiff must first "demonstrate that [the defendant] uses a particular employment practice that causes a disparate impact on the basis of race."  EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1274 (11th Cir. 2000) (quoting Title VII, 42 U.S.C. § 2000e-2(k)(1)(A)(i)).  To make this showing, "the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or

promotions because of their membership in a protected group." Id. at 1274-75 (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988)) (emphasis omitted).  If the plaintiff is successful in establishing this prima facie case, "the burden of production then shifts to the defendant to establish that the challenged employment practice serves a legitimate, non-discriminatory business objective." Id. at 1275 (citation omitted).  "[I]f the defendant satisfies this burden, a plaintiff may still prevail by proving that an alternative, non-discriminatory practice would have served the defendant's stated objective equally as well." Id. (citation omitted).

Early on, the Court agreed to bifurcate these proceedings. See Doc. 61.  At this stage, the parties have conducted discovery and briefing only as to the first phase-- plaintiffs' prima facie case.  All parties have moved for summary judgment on the issue of whether the plaintiffs have presented a prima facie case of disparate impact based on race (see Docs. 130, 135, 137, 155, 156).  The parties have also moved to exclude each other's experts under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) (see Docs. 126, 127, 128, 129, 131, 132, 133, 136) and the City moved to strike a related filing on grounds of untimeliness (see Doc. 175).  Responses, replies, exhibits, and final statements have been filed.[1]

_____

[1]See Docs. 134, 139, 149, 150, 151, 152, 153, 154, 155, 156, 157, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 176, 177, 178, 179, 180.  The parties primarily disagree about how to apply the law in the first phase making this issue appropriate for summary judgment practice.  Cf. Georgia State Conf. of NAACP v. Fayette County Bd. of Comm'rs, 775 F.3d 1336, 1346-48 (11th Cir. 2015) (explaining court may not resolve factual disputes or make credibility findings in reviewing cross-motions for summary judgment).

On May 13, 2015, the Court held an all day hearing on the parties' cross-motions for summary judgment seeking to determine whether the plaintiffs had demonstrated a prima facie case of disparate impact as to any of the ten challenged exams.  Several experts testified to explain the statistical calculations and methodologies at issue.  The record of that hearing is incorporated by reference.  <u>See</u> Doc. 200.  Having considered the law, the extensive briefing and oral argument from the parties, as well as the reports and testimony of their experts, the Court determines that, as to nine of the ten tests, plaintiffs have offered "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group."  <u>Watson</u>, 487 U.S. at 994 (emphasis omitted).  Thus, plaintiffs have made the necessary prima facie showing of disparate impact to warrant the continuance of this lawsuit.  Because this is not a final order and there will be further opportunities to discuss the Court's first phase reasoning in more detail, I am choosing to issue this brief opinion so that the parties may proceed without further delay.  The motions for summary judgment as to the rank order use of the tenth test (2009 District Chief Suppression) are deferred until further discovery is taken to determine whether the results may be aggregated with those of the 2006 District Chief Suppression exams.[2]

---

[2]The DOJ is no longer challenging the pass/fail use of either the 2006 or 2009 District Chief Suppression exams.

3

Accordingly, it is hereby

**ORDERED**:

1.      The City's and Union's motions for summary judgment (Docs. 155, 156) are **denied**.  The DOJ's and other intervenor plaintiffs' motions for summary judgment (Docs. 130, 135, 137) are **granted** only to the extent that plaintiffs' prima facie case is established as stated above and this case shall proceed to phases two and three.

2.      The City's and Union's <u>Daubert</u> motions to exclude the testimony and reports of Dr. Bernard Siskin (Docs.128, 129) are **denied**.  Once the Court determined the proper application of the law, it had no occasion to consider the bona fides of the reports of any of the other experts, although many of the other experts provided helpful explanations at the hearing.  Thus, all other <u>Daubert</u> motions (Docs. 126, 127, 131, 132, 133, 136 ) are **terminated as moot**.  The City's motion to strike an exhibit (Doc 175) is **denied**.

3.      The Clerk is directed to reopen this file.

4.      A Scheduling Order for phases two and three will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

4