**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

JACKSONVILLE BROTHERHOOD
OF FIRE FIGHTERS, JACKSONVILLE
BRANCH OF THE NAACP, et al.,

    Plaintiff Intervenors,

v.                                                              Case No. 3:12-cv-451-TJC-MCR

CONSOLIDATED CITY OF JACKSONVILLE,
JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

    Defendants.

---

RUFUS SMITH, et al.,

    Plaintiffs,

v.                                                             Case No. 3:11-cv-345-TJC-MCR

CONSOLIDATED CITY OF JACKSONVILLE,
JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

    Defendants.

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                             Case No. 3:12-cv-491-TJC-MCR

JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

    Defendant.

## **O R D E R**

In accordance with the parties' February 5, 2019 Consent Decree (Doc. 393), the City recently administered promotion exams for the positions of District Chief (Suppression) and Lieutenant (Rescue). Before the exams, the Jacksonville Association of Fire Fighters, Local 122, IAFF ("the Union") moved to compel compliance with the Consent Decree, arguing that the process and procedure for the then upcoming administration of the District Chief exam did not comply with the Consent Decree requirements. See Doc. 412. In denying the motion, the Court determined the Union was not a "Reviewing Party" under the Consent Decree and had otherwise failed to carry its burden to show that the City's planned administration of the promotion exam violated the Consent Decree.[1] See Doc. 416.

---

[1] The Consent Decree (Doc. 393) and all later case filings are filed only in the lead case, United States v. Consolidated City of Jacksonville, Case No. 3:12-cv-451-TJC-MCR. The Court retained jurisdiction to resolve disputes related to the parties' conduct under the Consent Decree and to enter any orders appropriate to its implementation (Doc. 393 at ¶ 119). In the event a party fails to act in accordance with the terms of the Consent Decree, an opposing party may move the Court to impose any remedy authorized by law or equity, with certain limited exceptions (Doc. 393 at ¶ 127). A party seeking to establish that a consent decree has been violated must make its showing "by clear and convincing evidence" with doubts resolved in favor of the non-moving

2

Thereafter, the Union President sought records from the City regarding the exam development. The City explained there were no public records responsive to the request and, to the extent any existed, they were confidential. When correspondence between the lawyers failed to resolve the issue, the Union filed the motion now before the Court, seeking to compel the production of ten categories of exam development materials from the City (Doc. 417).[2] The City responded in opposition (Doc. 420), and the Union replied (Doc. 421).[3]

As authority for its request, the Union primarily relies on paragraph 107 of the Consent Decree, which provides:

> All attorneys and experts in receipt of examination development materials pursuant to the provisions of the Consent Decree, recognize the highly sensitive nature of examination development materials, and will maintain their confidentiality and will not disclose the examination development materials to any other entity or person, including their respective clients. Should litigation ensue warranting the Court's review of the examination development materials, the Parties will file such materials under seal.

Doc. 393 at ¶ 107. Contrary to the Union's position, this paragraph does not

---

party. Peery v. City of Miami, 977 F.3d 1061, 1076-77 (11th Cir. 2020) (citations omitted).

[2] The Union represents that the City has agreed to provide one of the ten categories when it becomes available.

[3] The Union's reply does not comply with Local Rule 3.01(d), which prohibits the filing of a reply absent leave of Court, except on a motion for summary judgment. The Court has considered it nonetheless.

provide who shall receive exam materials; rather, it provides how exam materials shall be handled by those who are in receipt of the materials pursuant to the Consent Decree. And, as the Court explained in its December 3, 2021 Order, the Union is not one of the "Reviewing Parties" entitled to receive these materials. See Doc. 393 (Consent Decree) at ¶¶ 11, 81; Doc. 416 (December 3, 2021 Order) at 3-4. The Union also relies on paragraph 105, which provides:

> The process described in this Consent Decree will be used for the administration of any New Promotion Examination during the pendency of the Consent Decree. The City will consult with the Reviewing Party(ies) and provide information and documents to the Reviewing Party(ies) and other Parties' counsel in accordance with Paragraph 81 only for the development and administration of the first two New Promotion Examinations for each Promotion Position.

Doc. 393 at ¶ 105. Here again, this paragraph refers back to the provision of materials to Reviewing Parties as referenced in paragraphs 11 and 81, the definition of which does not include the Union.

The Union has not demonstrated that the City violated any provision of the Consent Decree by failing to provide it with the requested documents.[4] Although the Union additionally states that depriving it of the requested documents violates its "due process" rights, that cursory argument is not tethered to any provision of the Consent Decree, a document that the parties

---

[4] The City does say that most of these documents will eventually become public records, available to the Union. See Doc. 420 at 7.

4

(including the Union) spent years creating and which the Union approved and executed.[5]

Accordingly, it is hereby

**ORDERED**:

Defendant Jacksonville Association of Fire Fighters' Motion to Compel Production of Records Pursuant to Consent Decree (Doc. 417) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of April, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

---

[5] Because the Court finds the Consent Decree does not compel the production of documents to the Union, and in the absence of any specific motion to disqualify, the Court presumes it need not reach the question of whether the City's former expert Dr. Carl Swander can serve as an expert for the Union.