# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

JACKSONVILLE BROTHERHOOD
OF FIRE FIGHTERS, JACKSONVILLE
BRANCH OF THE NAACP, et al.,

       Plaintiff Intervenors,

v.                          Case No. 3:12-cv-451-TJC-MCR

CONSOLIDATED CITY OF JACKSONVILLE,
JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

       Defendants.

---

RUFUS SMITH, et al.,

       Plaintiffs,

v.                          Case No. 3:11-cv-345-TJC-MCR

CONSOLIDATED CITY OF JACKSONVILLE,
JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

       Defendants.

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

v.                          Case No. 3:12-cv-491-TJC-MCR

JACKSONVILLE ASSOCIATION OF
FIRE FIGHTERS, LOCAL 122, IAFF,

      Defendant.

---

# **O R D E R**

After several years of complex settlement negotiations under the patient guidance of the Honorable Harvey E. Schlesinger, all interested parties to these cases signed off on a Consent Decree which, among other provisions, sets forth a testing regimen for certain promotion exams in the Jacksonville Fire and Rescue Department.  See Doc. 393 (Consent Decree).[1]   Under the Consent Decree, the Court retains jurisdiction to resolve disputes and enter orders appropriate to its implementation.  Id. at ¶ 119.  In two previous motions (Docs. 412, 417), the Jacksonville Association of Fire Fighters, Local 122, IAFF ("the Union") brought challenges arguing that a given promotion exam did not comport with the terms of the Consent Decree and that the City of Jacksonville was not turning over requested records about the exam development.  In

---

[1]The Consent Decree and all later case filings are filed only in the lead case, United States v. Consolidated City of Jacksonville, Case No. 3:12-cv-451-TJC-MCR.  The Court entered the Consent Decree in 2019 following a fairness hearing.  While its provisions related to promotion positions and distributing settlement funds were implemented relatively soon thereafter, the Consent Decree remains in force until a certain number of promotion exams occur, which was anticipated to take several years.  See Doc. 393 at § X.  At the January 26, 2026 hearing, counsel for the Department of Justice estimated that we are about three-quarters of the way through that process.

2

denying both motions, the Court determined that because the Union was not a "reviewing party" within the meaning of the Consent Decree, it was not entitled to certain materials and that its other concerns were either without merit or premature.   See Docs. 416, 422.

In 2023, the Union filed another motion (Doc. 423) seeking to compel compliance with the Consent Decree, again arguing that the promotion exams do not comport with its requirements.   The City and the United States responded (Docs. 430, 431) and the Court held a hearing on October 5, 2023, the transcript of which (Doc. 437) is incorporated by reference.   In the meantime, the City, with the United States' approval (as required under the Consent Decree), had changed the answer choice format for the situational judgment test section of the promotion exams, a change which addressed one of the Union's criticisms.   At the hearing's conclusion, the parties agreed that they would try to resolve the remaining issues, which they first attempted among themselves, and then with the assistance of Judge Schlesinger.

Despite their efforts, the parties were ultimately unable to resolve the matter.   Doc. 464.   The Union then filed a supplement to its motion (Doc. 467), to which the United States, the City, the Jacksonville Brotherhood of Firefighters and the NAACP responded (Docs. 470, 471, 473), and the Union replied (Doc. 475) and filed an additional affidavit in support (Doc 485).   The City also provided the Court with a copy of a sample test (with the new answer

3

choice format) (Doc. 480-1), which shall remain under seal.  On January 26, 2026, the Court held a hearing on the motion, as supplemented, at which it heard argument from counsel and explanations from testing experts for the City and the Union, and took the matter under advisement.  The record of the hearing is incorporated by reference (Doc. 486, minutes).  The Court has also reviewed the parties' briefs and all exhibits and supplements thereto, the Consent Decree, relevant portions of the Collective Bargaining Agreement, the Court's Orders on the Union's earlier challenges, and other pertinent portions of the file.

As the parties well know, the Court's role here is not to determine whether the promotion exam the City uses is the best possible test, nor is it to try to fashion a better test (a task appropriately left to the testing experts). Rather, the Court's task is to determine whether there is cause to believe the City may not be complying with the Consent Decree such that further inquiry would be warranted.[2]  And there is not.  The United States sued the City and the Union back in 2012 because it believed the manner in which the City promoted certain ranks in the fire department discriminated against African-Americans.  See Doc. 1.  After arduous, hard-fought years of negotiation, all parties—the Union included—signed off on a Consent Decree which would

---

[2] See, e.g., Peery v. City of Miami, 977 F.3d 1061, 1076-77 (11th Cir. 2020) (citations omitted).

govern how certain promotion exams would occur going forward for at least two administrations of the exam for each rank at issue.   Under the Consent Decree, a promotion exam may include components such as job knowledge tests and situational judgment tests, but "will not consist solely of a test that measures or purports to measure only job knowledge."   Doc. 393 at ¶ 97.   The City, working with its outside test development expert, proposes an exam and the United States, working with its expert, approves or disapproves the exam.[3] Doc. 393 at ¶¶ 81-96.   That's what all parties agreed to and that's what is happening.   The Union's motion is due to be denied.

The Court appreciates that the City, with the United States' agreement, has made some adjustments to address the Union's concerns and continues to work toward creating exams that both garner confidence and adhere to the terms of the Consent Decree.   The Court further appreciates that the Union, in raising its concerns, has likely assisted that process.[4]   Going forward, the Court has no doubt that the parties will continue to work in good faith to achieve those goals.

---

[3]For certain promotion exams, the JBOF, NAACP, and other plaintiffs also have reviewing rights (see Doc. 393 at ¶ 81) but counsel represented at the January 26 hearing that they have not retained their own experts and instead rely on the United States to represent their interests.

[4]Indeed, while not required by the Consent Decree, the Court encourages the City's test developer, Dr. Finch, to have a further discussion with the Union's expert, Dr. Swander, to hear him out.

Accordingly, it is hereby

**ORDERED**:

1.   The Union's Motion to Enforce Consent Decree (Doc. 423), as supplemented (Doc. 467), is **denied**.

2.   The City's motion to seal (Doc. 480) is **granted** to the extent that the exam (filed at Doc. 480-1) will remain under seal.   The Clerk may not provide a copy to anyone without a Court order.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of February, 2026.



*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:

Honorable Harvey E. Schlesinger
United States District Judge

Counsel of record

6